UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| JASON RIDENOUR, individually, and on behalf of others similarly situated,<br><br>　　　　Plaintiff,<br>vs.<br><br>SERVICE PROS INSTALLATION GROUP, INC.,<br><br>　　　　Defendant. | Case No. |

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JASON RIDENOUR, (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, JTB LAW GROUP LLC and GREG COLEMAN LAW PC, files this Collective Action Complaint against Defendant, SERVICE PROS INSTALLATION GROUP, INC., (hereinafter referred to as "Defendant") and states as follows:

## INTRODUCTION

1. Plaintiff brings this collective action, individually and on behalf of all other similarly situated Measurement Technicians who elect to opt-in to this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to recover (i) unpaid minimum wages and overtime compensation Defendant failed to pay in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. § 216(b), (iii) declaratory relief pursuant to 28 U.S.C. § 2201 and (iv) attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) for which Defendant is liable as a result it's willful violations of the FLSA, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. §§ 516, *et seq.*

2. Defendant violated the FLSA minimum wage requirement by misclassifying Plaintiff and other Measurement Technicians as independent contractors and paying them weekly net compensation (i.e. gross pay minus expenses) that averaged out to less than $7.25 per hour in many weeks.

3. Defendant violated the FLSA overtime requirement by paying Plaintiff and the other misclassified Measurement Technicians a piece rate for each successful appointment without paying any additional premium pay for hours worked in excess of forty (40) hours in a workweek.

4. As a result, there were many weeks in which Defendant's misclassification of Measurement Technicians as independent contractors resulted in them being deprived of minimum wages and overtime compensation of 1.5 of their regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA.

5. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of all Measurement Technicians who worked for Defendant and were classified as independent contractors at any time within the period of three years prior to the commencement of this action and the date of judgment. (hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition as necessary.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under the FLSA, 29 U.S.C. § 201, *et seq.*

7. The Court has personal jurisdiction over Defendant because it conducted business in Virginia and the acts and omissions that form the basis of the lawsuit occurred within this District.

8. Venue is proper in the Eastern District of Tennessee pursuant to 28 U.S.C. § 1391(b)(2) because Defendant employed Plaintiff in this district, and because a substantial portion of the events or omissions that give rise to the Plaintiff's claims occurred in this district.

## PARTIES

**Defendant**

9. Defendant Service Pros Installation Group, Inc. is a for-profit corporation registered in North Carolina with headquarters located at 1921 Freedom Drive, Charlotte, North Carolina 28208.

10. Defendant is a provider of installation services for home appliances and products purchased from Lowe's.

11. Defendant employs Measurement Technicians to inspect and measure Lowe's customers' homes in preparation for installations.

12. During the relevant time period, Defendant has classified some Measurement Technicians as w-2 employees, and others as 1099 independent contractors.

13. Defendant currently classifies all, if not most of its Measurement Technicians as 1099 independent contractors.

**Plaintiff**

14. Plaintiff Jason Ridenour is a resident of Knox County, Tennessee.

15. Plaintiff has been employed by Defendant since March 2014.

16. From March 2014 until late 2016, Plaintiff worked for Defendant as a Measurement Technician and was misclassified as a 1099 independent contractor.

17. From late 2016 through mid-2017, Plaintiff worked for Defendant as a "scheduling coordinator" and was properly classified as a w-2 employee.

18. In mid-2017, Defendant terminated Plaintiff's employment and "re-hired" him as a Measurement Technician and misclassified as a 1099 independent contractor. Plaintiff has held this position from mid-2017 through present.

19. Plaintiff performed work for Defendant in states including Tennessee, Kentucky, North Carolina, and Virginia.

20. Plaintiff signed a consent form to join this lawsuit, which is attached as ***Exhibit 1***.

### FLSA Coverage

21. At all relevant times, Plaintiff was Defendant's "employee" within the meaning of the FLSA.

22. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

23. At all relevant times, Defendant was and continues to be an "employer" within the meaning of the FLSA.

24. At all relevant times, Defendant was and continues to be "an enterprise engaged in commerce" within the meaning of the FLSA.

25. At all relevant times, Defendant was and continues to be an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

26. At all relevant times, the annual gross revenues of Defendant were in excess of $500,000.00 per annum.

27. At all relevant times, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

28. At all relevant times, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

## FACTUAL ALLEGATIONS

29. Defendant is a provider of installation services for home appliances and products purchased from Lowe's.

30. Measurement Technician's duties include routing and scheduling appointments for floorcovering estimates, inspecting jobsites, taking before photographs, drawing diagrams on a tablet PC, and taking detailed notes to quote flooring installations properly.

31. Plaintiff and other putative FLSA Collective members were paid a piece rate for each successful inspection.

32. Plaintiff received a piece rate of $30 for each successful inspection, and $10 for each inspection that could not be completed due to the home-owner's "no-show."

33. Plaintiff and other putative FLSA Collective members were required to use their own personal vehicles and to travel to and transport supplies to their appointments.

34. Plaintiff and other putative FLSA Collective members incurred significant expenses in connection with the operation of their personal vehicles for work-related purposes, such as gas, maintenance, repairs, parts, and wear and tear.

35. Defendant did not keep accurate, contemporaneous records of the expenses Measurement Technicians incurred in connection with the operation of their personal vehicles for work-related purposes.

36. Defendant did not reimburse Plaintiff and other putative FLSA Collective members for driving/vehicle expenses incurred within twenty (20) miles of the Lowe's store from the home-owner's appliances/products had been purchased.

37. The unreimbursed expenses Plaintiff and other putative FLSA Collective members incurred in connection with the operation of their personal vehicles were "specifically required for

the performance of the [their] particular work," and thus were an unlawful "kickback" to the extent they "cut[] into the minimum or overtime wages required to be paid [Plaintiff] under the Act." 29 C.F.R. § 531.35.

38. Defendant also required Plaintiff and other putative FLSA Collective members to bear the expenses for uniforms, smartphone and/or internet service fees, office supplies, and insurance coverage.

39. Plaintiff's and other putative FLSA Collective members' wages were further offset by monetary deductions Defendant made as penalties for mistakes, fees for use of Defendant's software, and deposits Defendant required them to make in order to cover the costs of equipment and customer "chargebacks."

40. In many weeks, the expenses Plaintiff and other putative FLSA Collective members incurred in connection with driving and maintaining their vehicles, as well as the amounts incurred for uniforms, smartphone and/or internet service, office supplies, insurance coverage, and monetary deductions cut into the required minimum wage Defendant owed them, such that their total compensation, net the expenses and deductions, averaged out to less than $7.25 per hour.

41. Defendant failed to pay Plaintiff and other putative FLSA Collective members any overtime premium at a rate not less than one and one half (1.5) times of their regular rate of pay for hours worked overtime in excess of forty (40) hours in a workweek as required under the FLSA.

42. As a result, in many workweeks Plaintiff and other putative FLSA Collective members worked over 40 hours but were not paid for such hours at a rate not less than one and one half (1.5) times of their regular rates of pay.

43. In determining whether a worker is an employee or independent contractor, the Sixth Circuit applies a six-factor test to determine whether the worker is an employee or an

6

independent contractor, based on "economic reality" and these factors are:

> 1) the permanency of the relationship between the parties; 2) the degree of skill required for the rendering of the services; 3) the worker's investment in equipment or materials for the task; 4) the worker's opportunity for profit or loss, depending upon his skill; 5) the degree of the alleged employer's right to control the manner in which the work is performed; and 6) whether the service rendered is an integral part of the alleged employer's business.

*Keller v. Miri Microsystems LLC*, 781 F.3d 799, 807 (6th Cir. 2015).

44. Based on these factors Defendant misclassified Plaintiff and other putative FLSA Collective members as independent contractors, despite the fact that such workers:

   a. were required by Defendant to perform their job in a particular manner as to when and where to perform the work;

   b. were economically dependent on Defendant;

   c. have or had an ongoing relationship with the employer;

   d. assisted Defendant in carrying out their principal business;

   e. were not required to make any substantial financial investment in Defendant's facility;

   f. were not required to provide any job specific equipment in their employment, because Defendant supplied all of the necessary materials for their work;

   g. received all assignments from Defendant;

   h. at any time could be terminated by the Defendant; and

   i. were unable to enhance/increase their wages.

46. Defendant's failure to pay Plaintiff and other putative FLSA Collective members proper minimum wages and overtime compensation as required under the FLSA was knowing and willful.

47. Defendant knew that its policies resulted in Plaintiff and other putative FLSA

Collective members not being paid proper minimum wages and overtime compensation.

48. Defendants' failure to Plaintiff and other putative FLSA Collective members proper minimum wages and overtime compensation was not done in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement policy of such departments.

## COLLECTIVE ACTION ALLEGATIONS

49. Plaintiff re-alleges and incorporates all previous paragraphs herein.

50. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of:

> *All Measurement Technicians who worked for Defendant and were classified as independent contractors at any time within the period of three years prior to the commencement of this action and the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

51. With respect to the claims set herein, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are performing the same or similar job duties as one another in that they provided inspection and measurement services on behalf of Defendant; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

52. Members of the FLSA Collective are all non-exempt employees of Defendant.

53. Defendant misclassified Plaintiff and other members of the FLSA Collective were improperly classified as independent contractors.

54. Defendant failed to pay members of the FLSA Collective proper minimum wages and overtime compensation.

55. Defendant's failure to compensate Plaintiff properly results from a policy or practice applicable to all members of the FLSA Collective who work(ed) in similar positions.

56. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policies or practices which resulted in not being paid proper minimum wages and overtime compensation applies to non-exempt Measurement Technicians and continues to apply to all members of the FLSA Collective.

57. Plaintiff estimates the FLSA Collective, including other similarly situated Measurement Technicians over the relevant period, will include several hundred members. The precise number of FLSA Collective members should be readily available from a review of Defendant's personnel and payroll records.

## COUNT I
**(Brought Individually and on a Collective Basis Pursuant to 29 U.S.C. § 216(b))**
**<u>Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.</u>**
**FAILURE TO PAY MINIMUM WAGE**

58. Plaintiff re-alleges and incorporates all previous paragraphs herein.

59. 29 U.S.C. § 206(a) provides:

> Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages [of $7.25 per hour].

60. 29 C.F.R. § 531.35 provides:

> "Free and clear" payment; "kickbacks."
> Whether in cash or in facilities, "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear." The wage requirements of the Act will not be met where the employee "kicks-back" directly or indirectly to the employer or to another
9
Case 3:18-cv-00418-TRM-HBG   Document 1   Filed 09/26/18   Page 9 of 14   PageID #: 9

> person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the "kick-back" is made in cash or in other than cash. For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act. See also in this connection, § 531.32(c).

61. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

62. Defendant violated the FLSA minimum wage requirement by paying Plaintiff and other putative FLSA Collective members weekly net compensation (i.e. gross pay minus expenses and deductions) that averaged out to less than $7.25 per hour.

63. As a result of Defendant's willful and unlawful conduct, Plaintiff and other putative FLSA Collective members have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wage compensation wages for all hours worked.

64. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and other putative FLSA Collective members, Defendant has failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

65. Pursuant to 29 U.S.C. §§ 206 and 216(b), Plaintiff and other putative FLSA Collective members are entitled to recover the full amount of unpaid minimum wage compensation, liquidated damages, interest thereon, reasonable attorneys' fees and costs of suit.

66. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a). Because Defendant willfully violated the FLSA, a three-

year state of limitations applies to such violations.

## COUNT II
### (Brought Individually and on a Collective Basis Pursuant to 29 U.S.C. § 216(b))
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.
### FAILURE TO PAY OVERTIME

67. Plaintiff re-alleges and incorporates all previous paragraphs herein.

68. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

69. 29 U.S.C. § 207(g)(1) provides:

> (1) In the case of an employee employed at piece rates, [overtime] is computed at piece rates not less than one and one-half times the bona fide piece rates applicable to the same work when performed during nonovertime hours;

70. 29 C.F.R. 778.418(a) provides:

> Under section 7(g)(1), an employee who is paid on the basis of a piece rate for the work performed during nonovertime hours may agree with his employer in advance of the performance of the work that he shall be paid at a rate not less than one and one-half times this piece rate for each piece produced during the overtime hours.

71. Plaintiff and other Measurement Technicians regularly worked over forty (40) hours a week as required by Defendant.

72. At all times relevant to this action, Defendant failed to pay any overtime premium at a rate not less than one and one half (1.5) times of Plaintiff's and other putative FLSA Collective members' regular rate of pay for hours worked in excess of forty (40) per workweek as required by the FLSA.

11
Case 3:18-cv-00418-TRM-HBG   Document 1   Filed 09/26/18   Page 11 of 14   PageID #: 11

73. Defendant did not pay Plaintiff and other putative FLSA Collective members any overtime compensation for hours worked in excess of forty (40) in a workweek.

74. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

75. As a result of the foregoing, Plaintiff and other putative FLSA Collective members were illegally denied proper compensation and overtime compensation earned at the premium rate, in such amounts to be determined at trial, and are entitled to recovery of total unpaid amounts, liquidated damages, costs, reasonable attorney's fees, and other compensation pursuant to 29 U.S.C. § 216(b).

**RELIEF REQUESTED**

WHEREFORE, Plaintiff, Jason Ridenour, on behalf of himself and all other putative FLSA Collective members, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the members of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) thereto, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

b. Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all other putative FLSA Collective members and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

c. An order directing Defendant, at its expense, to investigate and account for the

number of hours worked by Plaintiff and all Measurement Technicians who opt-in to this action;

  d. An award for damages for all unpaid minimum wage and overtime compensation under the FLSA, 29 U.S.C. §§ 201, *et seq*., and attendant regulations at 29 C.F.R. §§ 516, *et seq*.;

  e. An award for liquidated damages as a result of the Defendant's failure to pay wages and overtime compensation pursuant to the FLSA, 29 U.S.C. §§ 201, et seq., and attendant regulations at 29 C.F.R. §§ 516, et seq., in an amount equal to all unpaid minimum wage and overtime compensation owed to all Plaintiff and other putative FLSA Collective members including during the applicable statutory period;

  f. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

  g. Judgment for any and all civil penalties to which Plaintiff may be entitled;

  h. An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

  i. Designation of JTB Law Group, LLC and Greg Coleman Law PC as counsel for the FLSA Collective;

  j. An incentive award for the Plaintiff for serving as the representative of the FLSA Collective; and

  k. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff, Jason Ridenour, individually and on behalf of all other similarly situated Measurement Technicians, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

RESPECTFULLY SUBMITTED,

Dated: September 26, 2018        By: /s Gregory F. Coleman
                                     Gregory F. Coleman
                                     Lisa A. White
                                     Mark E. Silvey
                                     Adam A. Edwards
                                     **GREG COLEMAN LAW PC**
                                     800 S. Gay Street, Suite 1100
                                     Knoxville, TN 37929
                                     T: (865)-247-0080
                                     F: (865)-522-0049
                                     greg@gregcolemanlaw.com
                                     lisa@gregcolemanlaw.com
                                     mark@gregcolemanlaw.com
                                     adam@gregcolemanlaw.com

                                     *Local Counsel for Plaintiff*

                                     Nicholas Conlon*
                                     Jason T. Brown*
                                     **JTB LAW GROUP, LLC**
                                     155 2nd St., Suite 4
                                     Jersey City, NJ 07302
                                     T: (877) 561-0000
                                     F: (855) 582-5297
                                     nicholasconlon@jtblawgroup.com
                                     jtb@jtblawgroup.com

                                     *Will seek admission *pro hac vic*

                                     *Lead Counsel for Plaintiff*