UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JASON RIDENOUR, individually and on behalf of others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 3:18-CV-418-TRM-HBG ) |
| SERVICE PROS INSTALLATION GROUP, INC., | ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order of the District Judge [Doc. 41].

Now before the Court is a Joint Motion for Approval of Settlement [Doc. 41], which seeks court approval of the settlement of Plaintiffs' claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). The Court has carefully considered the Joint Motion and the Settlement Agreement [Doc. 43-1]. Accordingly, for the reasons set forth below, the Court **RECOMMENDS** that the Joint Motion [**Doc. 41**] be **GRANTED.**

### I. BACKGROUND

Plaintiff Jason Ridenour, individually and on behalf of all other similarly-situated individuals, filed a collective action against Defendant on September 26, 2018. [Doc. 1]. The Complaint alleges that Plaintiff has been employed by Defendant since March 2014. [*Id.* at ¶ 15]. The Complaint states that from March 2014 until late 2016, Plaintiff worked for Defendant as a measurement technician and was misclassified as a 1099 independent contractor. [*Id.* at ¶ 16]. From late 2016 through mid-2017, Plaintiff worked for Defendant as a scheduling coordinator and was properly classified as a W-2 employee. [*Id.* at ¶ 17]. In mid-2017, Defendant terminated

Plaintiff's employment and rehired him as a measurement technician and again misclassified him as a 1099 independent contractor. [*Id.* at ¶18]. The Complaint states that Plaintiff has held this position from mid-2017 through the present. [*Id.*].

As a measurement technician, Plaintiff and other putative members were paid a piece rate for each successful inspection. [*Id.* at ¶ 31]. Plaintiff alleges that he and other collective members were required to use their own vehicles to travel and to transport supplies to their appointments. [*Id.* at ¶ 33]. The Complaint further states that Plaintiff and other putative members incurred significant expenses in connection with the operation of their personal vehicles for work-related purposes, such as gas, maintenance, repairs, parts, and wear and tear. [*Id.* at ¶ 34]. Further, the Complaint states that the unreimbursed expenses Plaintiff and other putative members incurred in connection with the operation of their personal vehicles were "specifically required for the performance of the [their] particular work," and thus were an unlawful "kickback" to the extent they "cut[] into the minimum or overtime wages required to be paid under the Act." [*Id.* at ¶ 37] (citing 29 C.F.R. § 531.35).

The Complaint further alleges that Defendant also required Plaintiff and other putative members to bear the expenses for uniforms, smartphones and/or internet service fees, office supplies, and insurance coverage. [*Id.* at ¶ 38]. In addition, wages were further offset by monetary deductions Defendant made as penalties for mistakes, fees for use of Defendant's software, and deposits Defendant required Plaintiff and putative members in order to cover the costs of equipment and customer chargebacks. [*Id.* at ¶ 39].

The Complaint alleges that given the above deductions and expenses, Plaintiff's and putative members' wages averaged to less than $7.25 per hour. [*Id.* at ¶ 40]. Further, the Complaint states that Defendant failed to pay overtime premiums at a rate not less than one and

one half (1.5) times of their regularly rate of pay for hours worked overtime in excess of forty (40) hours in a workweek as required under the FLSA. [*Id.* at ¶ 42]. The Complaint further alleges that employees were misclassified as independent contractors and that Defendant's failure to pay proper minimum wages and overtime compensation was made knowingly and willfully. [*Id.* at ¶ 46].

The Court notes that there is one named Plaintiff in this lawsuit and eighteen (18) opt-in Plaintiffs (collectively, "Plaintiffs").

## II. POSITIONS OF THE PARTIES

The parties filed a Joint Motion [Doc. 41], requesting that the Court approve their settlement agreement. The parties explain that they have a bona fide dispute regarding whether Plaintiffs were properly classified as independent contractors. The Joint Motion states that both parties have been represented by legal counsel throughout this process and that the settlement was reached following arm's length negotiations. Specifically, the parties state that Plaintiffs will receive compensation based on a two-year period from the date that they opted in to the lawsuit for those weeks in which their effective hourly rate fell below the federal minimum wage of $7.25 per hour and/or their FLSA compensable work time exceeded 40 hours in any work week and they did not receive additional compensation at one-and-one half times their effective hourly rate for those hours in excess of 40, plus an equal amount in liquidated damages, costs, and reasonable attorney's fees. The parties represent that the settlement exceeds that amount of wages and liquidated damages that Plaintiffs would stand to recover at trial.

The parties stipulate that they are resolving the matter in order to avoid unnecessary further costs, time, and risks associated with continuing this litigation and in an amount that fully compensates Plaintiffs for their claims had they prevailed at trial. The parties state that they have

3

reviewed the legal and factual nature of the claims and defenses and that the claims and defenses would have caused significant and unnecessary expenses for both parties.

The parties further state that the settlement provides a $1,000 service payment to the Named Plaintiff and that service payments are frequently approved in a collective and/or class action settlement. Finally, the parties represent that they reached an agreement as to the amount of attorney's fees, which did not affect the settlement amount paid to Plaintiffs.

### III. ANALYSIS

The Court's approval of settlements is only required in certain circumstances. Courts must ensure that the settlement of the FLSA claim is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). The compromise regarding the FLSA claim should "reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." *Id.* In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *Schneider v. Goodyear Tire & Rubber, Co.*, No. 5:13-cv-2741, 2014 WL 2579637, *2 (N.D. Ohio June 9, 2014).

The Court has reviewed the Settlement Agreement [Doc. 43-1] in this case and finds that it constitutes a reasonable compromise of the issues in this case. The Court notes that both parties are represented by counsel and that both parties acknowledge that bona fide legal and factual disputes exist as detailed above. The parties engaged in arm's length negotiations and determined that settling this case is in their best interests. Here, Plaintiffs will receive a total of $27,800.01 for wages and liquidated damages. The parties represent to the Court that the "settlement exceeds the amount of wages and liquidated damages [Plaintiffs] would stand to recover at trial." [Doc. 41 at 4]. Further, the Court notes that, by settling, Plaintiffs are spared the burden of proving their

claims and damages to a jury, and they are being fairly compensated with the wages of which they were allegedly deprived. Accordingly, the Court finds that the terms of the parties' settlement agreement represent a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. The Court also finds the service fee in the amount of $1,000 to Plaintiff Ridenour reasonable. *Osman v. Grube, Inc.*, No. 3:16-CV-00802-JJH, 2018 WL 2095172, at *2 (N.D. Ohio May 4, 2018) ("Service or incentive awards serve the important purpose of compensating plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiffs.").

The parties have also agreed to resolve Plaintiffs' claim for attorney's fees and costs pursuant to 29 U.S.C. § 216(b) for a total of $26,999.99. The Court has reviewed the docket and the work performed and finds this amount to be reasonable. More importantly, the parties represent to the Court that the amount for attorney's fees did not affect the amount to be paid to each individual Plaintiff as the amount due to each individual Plaintiff was based on an extensive analysis of the facts and law. The parties explain that attorney's fees were determined separately from any settlement. *See* 29 U.S.C. § 216(b) (stating that attorney's fees are awarded "in addition to any judgment awarded to the plaintiff or plaintiffs"); *see also Hatfield-Evans v. ENNRL, Inc.*, No. 3:17-CV-419-TRM-DCP, 2018 WL 6055566, at *3 (E.D. Tenn. Oct. 30, 2018) ("While the Court observes that the attorney's fees are unusually high, especially considering what little discovery took place, the Court will recommend that the settlement agreement be approved, given that the attorney's fees are separate from Plaintiffs' award in this matter."), *report and recommendation adopted,* No. 3:17-CV-419, 2018 WL 6055515 (E.D. Tenn. Nov. 19, 2018).

After careful review of Joint Motion [Doc. 41] and the Settlement Agreement [Doc. 43-1] the Court concludes that the settlement is a fair and reasonable compromise of the parties' dispute.

IV. **CONCLUSION**

Based upon the foregoing, the undersigned **RECOMMENDS**[1] that the Joint Motion for Approval of Settlement [**Doc. 41**] be **GRANTED**.

Respectfully Submitted,

*Bruce Guyton*
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).